James M. Piotrowski
Marty Durand
HERZFELD & PIOTROWSKI, PLLC
P.O. Box 2864
824 W. Franklin Street
Boise, Idaho 83701
Telephone: (208)331-9200
Facsimile: (208)331-9201
Email: James@idunionlaw.com
Email: Marty@idunionlaw.com

    *Attorneys for Plaintiffs*

BEFORE THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CITIZENS ALLIED FOR INTEGRITY AND ACCOUNTABILITY, INC., CHARLENE QUADE, RACHEL HOLTY, BRITTANY AND CRISTIAN SANDOVAL, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS M. SCHULTZ, in his official capacity as Director of the Idaho Department of Lands, CHRIS BECK, MARGARET CHIPMAN, SID CELLAN, JIM CLASSEN, and KEN SMITH, all in their official capacities as members of the Idaho Oil and Gas Conservation Commission, <br><br> Defendants. | Case No. 1:17-cv-264 <br><br><br><br><br><br><br><br> COMPLAINT |

COME NOW the Plaintiffs, by and through undersigned counsel, and for their Complaint would show as follows:

## I. Nature of the Action

1. Plaintiff landowners bring suit to challenge a decision of the Idaho Oil and Gas Conservation Commission which compelled landowners to "pool" their natural gas resources and allow a private corporation to drill for, capture and sell their valuable assets against their will, at prices they did not agree to, and without providing them adequate due process of law.  In the course of forcing the Plaintiffs to pool and sell their natural gas, Defendant Schultz refused to allow Plaintiffs to challenge the application for pooling on the grounds that the compelled pricing was inadequate to account for the risks the landowners would be required to face, did not correspond to any established market price for the resource, and did not comply with Idaho statutes.  By refusing to allow Plaintiffs a reasonable and meaningful opportunity to protect their interests, and by forcing them to sell their assets against their will, Schultz has violated the Constitutional rights of hundreds of Idaho citizens, including the Plaintiffs.

## II.  Parties, Jurisdiction, Venue

2. Citizens Allied for Integrity and Accountability, Inc. ("CAIA"), is an Idaho non-profit corporation.  As a membership organization, CAIA represents hundreds of members across southern Idaho, including members whose property was subject to the recent application for spacing and integration orders discussed in this complaint.  CAIA brings suit in its associative and representative capacity, on behalf of its members affected by the proceedings set forth in this Complaint.

3. Charlene Quade is an individual, a resident of the State of Idaho, and the owner of a piece of property in Fruitland, Payette County, Idaho.  Quade's property was subject to the recent application for spacing and integration order discussed in this Complaint.  Quade objected to the application, and participated as a party in the hearings set out in this Complaint.

COMPLAINT –2

4. Rachel Holtry is an individual, a resident of the State of Idaho, and the owner of a piece of property in Fruitland, Payette County, Idaho. Holtry's property was subject to the recent application for spacing and integration order discussed in this Complaint. Holtry objected to the application, and participated as a party in the hearings set out in this Complaint.

5. Brittany and Cristian Sandoval are a married couple, residents of the State of Idaho and owners of a piece of property in Fruitland, Payette County, Idaho. The Sandovals' property was subject to the recent application for spacing and integration order discussed in this Complaint. The Sandovals objected to the application, and participated as a party in the hearings set out in this Complaint.

6. Thomas M. Schultz is the Director of the Idaho Department of Lands, and is sued in that capacity. In that role Schultz also serves as the Secretary of the Oil and Gas Commission, and is charged with holding hearings to address applications for spacing and integration orders under Idaho's Oil and Gas Conservation Act, codified at Idaho Code Chapter 47, Title 3. Schultz, with the help of a hearing officer, conducted the hearing and issued the Findings of Fact, Conclusions of Law and Order set out in this Complaint. Defendants Chris Beck, Margaret Chipman, Sid Cellan, Jim Classen, and Ken Smith make up the Idaho Oil and Gas Conservation Commission, and are sued in their official capacities as members of that Commission. These Defendants, acting as the Commission, confirmed the unlawful order issued by Defendant Schultz.

6. This case asserts claims arising under the Constitution of the United States and thus this Court has jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983. The Court also has supplemental jurisdiction over claims arising under state law, if any, pursuant to 28 U.S.C. §1367.

COMPLAINT –3

8. Both Plaintiffs and Defendants are residents of the State of Idaho, the acts and omissions giving rise to the cause of action occurred within the State of Idaho, and venue is thus appropriate in this Court.

### III.  Facts Giving Rise to the Action

9. In recent years, reservoirs of natural gas and other hydrocarbons have been discovered to underlie parts of Idaho.  These reservoirs, it turns out, in some cases are large enough to support commercial development.

10. The lands under which such reservoirs of natural gas lie are frequently divided, held by multiple owners who hold title both to the surface and mineral rights associated with their property.  Such ownership presents challenges for commercial development as private corporations wishing to drill for, extract and sell natural gas must reach agreement with multiple owners over methods of extraction and a fair price for the mineral rights held by those owners.  Since those mineral rights are a property right, landowners cannot be compelled, without state action, to sell their mineral rights to drilling and extraction companies.

11. The State of Idaho has adopted statutory provisions compelling landowners to transfer their valuable mineral rights to private drilling companies when certain conditions are met.  These conditions require an appropriate application for a "spacing order" and an "integration order."

12. A "spacing order" application requires the identification of a likely underground "pool" of hydrocarbons such as natural gas and seeks an order from the Idaho Oil and Gas Conservation Commission setting appropriate spacing of wells to recover the hydrocarbons efficiently and without excessive well-drilling.

COMPLAINT –4

13. An "integration order" application seeks an order from the Idaho Oil and Gas Conservation Commission which "integrates" the mineral rights owners, and requires them to sell those mineral rights on specifically identified terms and conditions. Pursuant to the statute in effect at the time of the proceedings giving rise to this action, the Oil and Gas Conservation Commission was required to establish terms and conditions of the integration order that were "just and reasonable." Among those terms required to be established were a "bonus payment," consisting of a payment made on a per acre basis to each owner in the integrated area, a "royalty payment" consisting of a share of the proceeds of the well, and other matters set out in statute and in rule.

14. In November, 2016, two entities identified as AM Idaho, LLC, and Alta Mesa Services, LP, submitted an application for entry of a spacing order and an integration order concerning a potential pool of natural gas underlying land in Fruitland, Idaho. Plaintiffs Quade, Holtry, and the Sandovals each own land overlying the potential pool, and owned the mineral rights associated with that land. Members of CAIA were among the individuals owning land in the area underlying the potential pool of natural gas identified by AM Idaho and Alta Mesa Services.

15. Pursuant to statute, Plaintiffs Quade, Holtry and the Sandovals, along with other CAIA members, were among those who objected to the application. In each of their cases, they owned property which they utilized as homes for their families. As a substantial, perhaps the most substantial investment they had, they each were properly concerned for protecting their investment, maximizing their return, and ensuring both the safety of their families, and their ability to enjoy the fruits of their work and investment, including the simple quiet enjoyment of property that lies beneath much of American property law.

COMPLAINT –5

16. Also pursuant to statute, Defendant Schultz noticed and conducted a hearing on the application and the objections to the application. Schultz appointed a hearing officer to assist in holding the hearing, a lawyer with substantial experience representing oil and gas interests. Notice of the hearing on the application was delivered to Plaintiffs on or about November 25, 2016, providing notice of a deadline for filing objections of December 7, 2016, and a hearing to be held December 14, 2016. These deadlines were imposed as a matter of statute, without regard to any demonstrable necessity for a speedy resolution, and without regard to the needs of landowners to protect their interests by securing legal and expert assistance.

17. At the hearing held on December 14 and 15, 2016, Plaintiffs were prevented from presenting evidence that related to establishment of just and reasonable terms and conditions of the integration order. Plaintiffs were prevented from questioning witnesses or presenting exhibits (including both witnesses presented by AM Idaho and Alta Mesa services as well as Plaintiffs' own witnesses) about multiple subjects including:

    a. The likely volume of hydrocarbons that could be recovered, the market value of those hydrocarbons, the general state of the local and national markets for such products, and the costs associated with extracting, transporting and selling the hydrocarbons;

    b. Effects of hydrocarbon extraction on the value of Plaintiffs' land, homes and other improvements;

    c. Effects and risks of hydrocarbon extraction on environmental health of Plaintiffs' land, families, and neighbors;

    d. The extent to which hydrocarbon extraction would interfere with the quiet enjoyment of Plaintiffs' property rights;

COMPLAINT –6

In rebuffing efforts to present such evidence, Defendant Schultz through his hearing officer treated economic data about the value of the Plaintiffs' mineral rights and how they related to quiet enjoyment of their surface estates as being entirely irrelevant to establishing just and reasonable terms of a forced sale of those mineral rights.

18. Following the conclusion of the hearing, Defendant Schultz issued a document titled Findings of Fact, Conclusions of Law and Order which recommended approval of the applications, established bonus payments of $100 per acre and royalty payments of 1/8 of the value of recovered gas (despite a lack of evidence of the market value of those mineral rights), and simply refused to address or take account of numerous other factors (including economic factors) which Plaintiffs asserted should affect the just and reasonable terms of a forced sale of mineral rights.

19. Pursuant to the statutory procedure, Plaintiff landowners sought review of Defendant Schultz's decision. The Idaho Oil and Gas Conservation Commission received briefs, and held oral argument, but refused to modify Defendant Schultz's order in any way. Plaintiffs are now subject to a final order which compels them to transfer their valuable property to a third party, corporate entity, for purely commercial purposes at prices to which they did not agree.

### IV. Claim for Relief

42 USC §1983

20. Plaintiffs incorporate as if fully restated herein the preceding paragraphs.

21. Plaintiff Landowners as well as members of Plaintiff CAIA have property interests in the mineral rights underlying their homes and lands. Those interests may only be denied, revoked or reduced in a manner consistent with due process of law pursuant to the Fifth

and Fourteenth Amendments to the United States Constitution and pursuant to federal and state statutory provisions.

22. Defendant Schultz, acting under color of state law, denied Plaintiffs due process of law by holding a hearing at which Plaintiffs were barred from providing evidence relevant to determining just and reasonable terms of the proposed leases of mineral rights to which Plaintiffs would be forced to abide. Defendant Schultz further denied Plaintiffs' rights by issuing an order which compelled such leases without establishing terms which were just and reasonable.

23. The Idaho Oil and Gas Conservation Act establishes terms and conditions of sale of mineral rights at prices that are arbitrary, without reason, and discriminatory to mineral rights owners, favoring instead the oil and gas industry. As an exercise of the State's police power, the Oil and Gas Conservation Act violates substantive and procedural due process, and fails to provide equal protection of the laws to citizens of the State of Idaho including Plaintiffs.

24. As a direct and proximate result of the foregoing, Plaintiffs have and will suffer a violation and loss of their rights, as well as damages in amounts to be proven. Plaintiffs are entitled to declaratory and injunctive relief, including an order invalidating the final orders entered by Defendant Schultz and the Idaho Oil and Gas Conservation Commission.

WHEREFORE, Plaintiff prays for relief as follows:

a. For declaratory relief finding the final orders affecting Plaintiff landowners' properties invalid and unenforceable as a matter of law;

b. For permanent injunctive relief barring Defendants from relying on, applying or utilizing the Idaho Oil and Gas Conservation Act unless and until they provide the protections required by the United States Constitution;

  c. For a declaration and permanent injunctive relief finding the Idaho Oil and Gas Conservation Act as currently written and applied invalid as a matter of law;

  d. For fees and costs;

  e. For such other and further relief as the Court deems just and proper.

Dated this 21st day of June, 2017.

             HERZFELD & PIOTROWSKI, PLLC

             /s/ James M. Piotrowski
             James M. Piotrowski
             Attorneys for Plaintiffs

COMPLAINT –9