UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CITIZENS ALLIED FOR INTEGRITY AND ACCOUNTABILITY, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS M. SCHULTZ, *et al.*, <br><br> Defendants. | Case No. 1:17-cv-00264-BLW <br><br> MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Plaintiffs' Renewed Motion for Award of Fees and to Extend the Time in Which to File. Dkt. 55. The Court previously denied Plaintiffs' prior motions for fees and for an extension of time to file without prejudice. Dkt. 54. Plaintiffs seek attorneys fees in the amount of $93,450 and costs in the amount of $16,110.20. The Court GRANTS Plaintiffs' Motion but will reduce the attorney fee award to $91,050. Additionally, the Court will award costs in the amount of $228.43.

## ANALYSIS

**1. The Court Will Excuse Plaintiffs' Counsel's Late Filing**

Judgment was entered in Plaintiffs favor in this case on August 13, 2018. Pursuant to Federal Rule of Civil Procedure 54(d)(2)(ii), Plaintiffs' Counsel's (hereinafter "Piotrowski") fee motion and bill of taxable costs were due "no later than 14

days after the entry of judgment," *i.e.* on August 27, 2018.[1] Piotrowski filed his fee motion and bill of taxable costs two days late on August 29, 2018. Dkt 39; Dkt. 40. Simultaneously, Piotrowski filed a motion for extension of time to file bill of taxable costs and motion for fees in which he sought retroactive approval of his tardiness. Dkt. 38.

The Parties agree that Piotrowski's tardiness may be excused if the Court determines that there is "good cause" to extend the deadline due to Piotrowski's "excusable neglect." Fed. Rule Civ. Pro. 6(b)(1). Generally, Rule 6(b)(1), "like all the Federal Rules of Civil Procedure, is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010) (internal quotation marks, citation, and alteration omitted). More specifically, in determining whether neglect is excusable, the Court considers four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000).

---

[1] After Piotrowski's deadline to file his motion for fees and bill of taxable costs passed, the State of Idaho filed a motion to alter judgment. Dkt. 43. The Court denied the State's motion. Dkt. 52. Piotrowski disclaims any argument that his tardiness in filing his motion for fees and bill of taxable costs was excused by the filing of the motion to alter judgment. Dkt. 57 at 2 n.1. Accordingly, the Court declines to reach the question of what, if any, impact the filing of a motion to alter judgment has on the deadline imposed by Rule 54(d)(2)(ii).

Here, the State's brief is silent–and by extension concedes–that (1) there was no prejudice to the State created by Piotrowski's delay, (2) the two-day delay was *de minimis*, and (3) Piotrowski's delay does not have the odor of bad faith. The State relies solely on the third factor, combined with Piotrowski's admission that he miscalculated the deadline, to argue that good cause is not present here. That argument is insufficient. First, one factor weighing in the State's favor is not enough to overcome the other three factors. Second, the State's argument that granting Piotrowski an extension would equate to a finding that "[b]eing too busy to follow the Rules … [is] an acceptable showing of good cause" is a red herring. Dkt. 56 at 6. Piotrowski, like all human beings, made a mistake. That mistake was "excusable neglect," particularly because Piotrowski quickly remedied the error when he discovered it. Weighing each of the four factors outlined in *Bateman*, "good cause" exists to extend the excuse Piotrowski's untimely filing, and the Court will do so.

### 2. The Court Will Grant Plaintiffs' Request for Fees and Costs in a Reduced Amount

Plaintiffs seek attorneys fees in the amount of $93,450 and costs in the amount of $16,110.20. Pursuant to 42 U.S.C. § 1988(b), a court may award reasonable attorney fees and costs to "the prevailing party" in an action to enforce a provision of 42 U.S.C. § 1983. Plaintiffs' claims seeking to protect their federal Due Process rights through injunctive relief were appropriately raised under § 1983. *See Matsuda v. City & County of Honolulu*, 512 F.3d 1148, 1156 (9th Cir. 2008). There is no dispute that Plaintiffs were the prevailing party.

After establishing that a plaintiff is entitled to attorneys fees, the Court must calculate a reasonable fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Generally, the "lodestar figure," which multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate, determines the amount of the award. *Id.* "There is a strong presumption that the lodestar figure represents a reasonable fee. Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." *Morales v. City of San Rafael*, 96 F.3d 359, 363 n.8 (9th Cir. 1996).

### A. *The Court Will Grant Plaintiffs' Request for Costs in the Amount of $228.43*

The Court begins with Plaintiffs' request for costs. Confusingly, Piotrowski requests costs both in a Bill of Taxable Costs (Dkt. 39) and at the end of Exhibit 1 in support of his motion for attorneys fees (Dkt. 55-3 at 6-7). This contravenes District of Idaho Local Rule 54.1, which requires prevailing parties to set out "in the local form prescribed by the Court" any costs to which the party is entitled. Dkt. 55-3 at 6-7. All told, Plaintiffs request $16,110.23 in costs in Exhibit 1.

The State makes two well-founded objections to Plaintiffs' request. First, Plaintiffs may not seek fees for expert witnesses. *See Ruff v. Cty. of Kings*, 700 F. Supp. 2d 1225, 1243 (E.D. Cal. 2010). Plaintiffs concede this in their reply brief. Dkt. 57 at 7 n.3. Thus, the Court will reduce Plaintiffs' request for costs in the amount of $13,892.50. Second, many of the costs appended to the end of Exhibit 1 are duplicative of costs described in Plaintiffs' Bill of Taxable Costs. *Compare* Dkt. 55-3 at 6-7 *with* Dkt. 39. Specifically, the Bill of Taxable Costs seeks filing fees and deposition costs in the

amount of $1,989.30. Dkt. 39-1. Those exact same costs are again requested in Exhibit 1. Accordingly, Plaintiffs' request for costs in Exhibit 1 will be further reduced in the amount of $1,989.30. Accounting for both reductions, Plaintiffs will be awarded $228.43 in costs.

### B. *The Court Will Grant Plaintiffs' Request for Attorneys Fees in the Amount of $91,050*

The Court will also reduce the amount of attorneys fees. To begin with, the Court finds that the $300 hourly rate charged by Piotrowski and his partner, Marty Durand, are reasonable considering the prevailing market rates for attorneys with their experience in the Treasure Valley. *See Ayala v. Armstrong*, No. 1:16-CV-00501-BLW, 2019 WL 96299, at *3 (D. Idaho Jan. 3, 2019) (finding that a $425 hourly rate for an experienced attorney in the Treasure Valley was reasonable).

The second half of the lodestar equation requires the Court to evaluate whether the hours claimed by Piotrowski and Durand were reasonably expended. On this score, the State makes the meritorious argument that Piotrowski cannot claim the 6.5 hours of time he spent researching and drafting his motion for extension of time. The United States Supreme Court has made clear that "'[h]ours that are not properly billed to one's client *also* are not properly billed to one's adversary pursuant to statutory authority.'" *Hensley*, 461 U.S. at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (emphasis in original)). Any client would undoubtedly object to paying additional fees

associated with their attorney's attempt to remedy his or her negligence. Accordingly, Plaintiffs' attorney fee request will be reduced by $1,950.[2]

Next, the Court addresses the State's argument seeking a reduction in the attorney fee award because most of Plaintiffs' claims were unsuccessful. Dkt. 56 at 8-11. The argument is unpersuasive. In *Hensley*, the Supreme Court held that when a civil rights "plaintiff has achieved only partial or limited success" a reduction in the lodestar calculation is potentially appropriate. 461 U.S. at 436. In particular, the Ninth Circuit has held that it is appropriate to reduce attorney fee awards when the hours expended by the attorney were spent developing claims that were "'unrelated' to the claims on which Plaintiff ultimately prevailed.'" *Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003). Claims are "related if either the facts or the legal theories are the same." *Id.* at 1169.

The State's argument fails to account for the Ninth Circuit's relatedness test as described in *Webb*. Although it is true that many of the claims asserted by Plaintiffs were dismissed, each claim was both factually and legally related to Plaintiffs' successful procedural Due Process claim. Dkt. 36. As a result, the clear command of the statute is to award fees associated with the development of *all* the claims, including those that were

---

[2] The Court declines to reduce Plaintiffs' attorney fee award based on Piotrowski's inclusion of time spent drafting a joint motion for extension of time on December 19, 2017. The State identifies no authority supporting its implicit argument that time spent drafting a request for an extension of time is *per se* unrecoverable under § 1988. This calculus does not change even if, as is the case here, the party seeking fees is the party that benefited from the deadline extension being sought.

**MEMORANDUM DECISION AND ORDER - 6**

ultimately unsuccessful. *Webb*, 330 F.3d 1158 at 1169. The Court will not, therefore, impose the 20% reduction in fees requested by the State.³ Dkt. 56 at 11.

Finally, the Court will award the Plaintiffs' request for the $3,270 spent briefing the motion for attorney fees. *Cf. Blixseth v. Yellowstone Mountain Club*, LLC, 854 F.3d 626, 629 (9th Cir. 2017) ("[T]ime spent establishing the entitlement to and amount of the fee is compensable under federal fee-shifting provisions.").

## ORDER

**IT IS HEREBY ORDERED:**

1. Plaintiffs' Renewed Motion for Award of Fees and to Extend the Time in Which to File (Dkt. 55) is **GRANTED**.

DATED: May 8, 2019

B. Lynn Winmill
U.S. District Court Judge

---

³ Because the Court declines to reduce Plaintiffs' fee award based on the first prong in *Hensley*, the Court will not evaluate Piotrowski's argument that the total fee award requested is "reasonable in relation to the results obtained." Dkt. 57 at 6.